## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF VIRGINIA
## BIG STONE GAP DIVISION

**LISA M. GILLEY,**                  )
       Plaintiff            )
                      )
v.                        )      Civil Action No. 2:13cv00060
                      )      **MEMORANDUM OPINION**
**CAROLYN W. COLVIN,**     )
**Acting Commissioner of Social Security,** )      By: PAMELA MEADE SARGENT
       Defendant        )      United States Magistrate Judge

### *I. Background and Standard of Review*

Plaintiff, Lisa M. Gilley, ("Gilley"), filed this action challenging the final decision of the Commissioner of Social Security, ("Commissioner"), determining that she was not eligible for supplemental security income, ("SSI"), under the Social Security Act, as amended, ("Act"), 42 U.S.C.A. § 1381 *et seq*. (West 2012). Jurisdiction of this court is pursuant to 42 U.S.C. § 1383(c)(3). This case is before the undersigned magistrate judge upon transfer by consent of the parties pursuant to 28 U.S.C. § 636(c)(1).

The court's review in this case is limited to determining if the factual findings of the Commissioner are supported by substantial evidence and were reached through application of the correct legal standards. *See Coffman v. Bowen*, 829 F.2d 514, 517 (4th Cir. 1987). Substantial evidence has been defined as "evidence which a reasoning mind would accept as sufficient to support a particular conclusion. It consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance." *Laws v. Celebrezze,* 368 F.2d 640, 642 (4th Cir. 1966). "'If there is evidence to justify a refusal to direct a verdict were the

Case 2:13-cv-00060-PMS   Document 17   Filed 03/26/15   Page 1 of 8   Pageid#: 1085

case before a jury, then there is "substantial evidence.'"" *Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990) (quoting *Laws*, 368 F.2d at 642).

The record shows that Gilley protectively filed her application[1] for SSI on October 29, 2009, alleging disability as of October 29, 2009,[2] due to right knee pain, lower back pain, bipolar disorder and nerves. (Record, ("R."), at 190-92, 203, 207.) The claim was denied initially and on reconsideration. (R. at 115-18, 121, 124-26, 128-30.) Gilley then requested a hearing before an administrative law judge, ("ALJ"). (R. at 131-32.) A video hearing was held on August 14, 2012, at which Gilley was represented by counsel. (R. at 40-74.)

By decision dated August 29, 2012, the ALJ denied Gilley's claim. (R. at 22-34.) The ALJ found that Gilley had not engaged in substantial gainful activity since October 29, 2009, the date of her application. (R. at 24.) The ALJ determined that the medical evidence established that Gilley suffered from severe impairments, including obesity, hypertension, degenerative joint disease, sprains and strains, hepatitis C, major depressive disorder, borderline personality disorder, bipolar disorder and anxiety-related disorder, but he found that Gilley did not have an impairment or combination of impairments listed at or medically equal to one listed at 20 C.F.R. Part 404, Subpart P, Appendix 1. (R. at 24-26.) The ALJ found

---

[1] Gilley filed a prior application for SSI on December 14, 2006, which was denied by decision dated February 3, 2009, (R. at 97-107), and which Gilley pursued no further.

[2] Although Gilley listed January 31, 2009, as her alleged onset date in her application for SSI, she amended her alleged onset date at her hearing to October 29, 2009. (R. at 44.)

Case 2:13-cv-00060-PMS   Document 17   Filed 03/26/15   Page 2 of 8   Pageid#: 1086

that Gilley had the residual functional capacity to perform light work[3] that did not require climbing ladders, ropes or scaffolds or concentrated exposure to hazards, more than occasional kneeling and crawling and that was limited to simple, easy-to-learn, repetitive, unskilled work activity with minimal interaction with the public, co-workers and supervisors. (R. at 26-32.) The ALJ found that Gilley was unable to perform her past relevant work. (R. at 32.) Based on Gilley's age, education, work history and residual functional capacity and the testimony of a vocational expert, the ALJ found that Gilley could perform other jobs existing in significant numbers in the national economy, including jobs as a laundry worker, a laundry folder, a marker/pricer, a cuff folder, an ampoule sealer and a dowel inspector. (R. at 33.) Therefore, the ALJ found that Gilley was not under a disability as defined under the Act and was not eligible for benefits. (R. at 34.) *See* 20 C.F.R. § 416.920(g) (2014).

After the ALJ issued his decision, Gilley pursued her administrative appeals, but the Appeals Council denied her request for review. (R. at 6-10, 17.) Gilley then filed this action seeking review of the ALJ's unfavorable decision, which now stands as the Commissioner's final decision. *See* 20 C.F.R. § 416.1481 (2014). The case is before this court on Gilley's motion for summary judgment filed July 1, 2014, and the Commissioner's motion for summary judgment filed July 29, 2014. Neither party has requested oral argument.

---

[3] Light work involves lifting items weighing up to 20 pounds at a time with frequent lifting or carrying of items weighing up to 10 pounds. If someone can perform light work, she also can perform sedentary work. *See* 20 C.F.R. § 416.967(b) (2014).

## II. Analysis

The Commissioner uses a five-step process in evaluating SSI claims. *See* 20 C.F.R. § 416.920 (2014); *see also Heckler v. Campbell*, 461 U.S. 458, 460-62 (1983); *Hall v. Harris*, 658 F.2d 260, 264-65 (4th Cir. 1981). This process requires the Commissioner to consider, in order, whether a claimant 1) is working; 2) has a severe impairment; 3) has an impairment that meets or equals the requirements of a listed impairment; 4) can return to her past relevant work; and 5) if not, whether she can perform other work. *See* 20 C.F.R. § 416.920. If the Commissioner finds conclusively that a claimant is or is not disabled at any point in this process, review does not proceed to the next step. *See* 20 C.F.R. § 416.920(a) (2014).

Under this analysis, a claimant has the initial burden of showing that she is unable to return to her past relevant work because of her impairments. Once the claimant establishes a prima facie case of disability, the burden shifts to the Commissioner. To satisfy this burden, the Commissioner must then establish that the claimant has the residual functional capacity, considering the claimant's age, education, work experience and impairments, to perform alternative jobs that exist in the national economy. *See* 42 U.S.C.A. § 1382c(a)(3)(A)-(B) (West 2003 & Supp. 2014); *McLain v. Schweiker*, 715 F.2d 866, 868-69 (4th Cir. 1983); *Hall*, 658 F.2d at 264-65; *Wilson v. Califano*, 617 F.2d 1050, 1053 (4th Cir. 1980).

Gilley argues that the ALJ improperly determined her residual functional capacity. (Plaintiff's Memorandum In Support Of Her Motion For Summary Judgment, ("Plaintiff's Brief"), at 6-8.) Gilley also argues that the ALJ erred by failing to give full consideration to the findings of Robert L. Spangler, Ph.D., on the severity of Gilley's mental impairments. (Plaintiff's Brief at 4-6.)

As stated above, the court's function in this case is limited to determining whether substantial evidence exists in the record to support the ALJ's findings. This court must not weigh the evidence, as this court lacks authority to substitute its judgment for that of the Commissioner, provided her decision is supported by substantial evidence. *See Hays*, 907 F.2d at 1456. In determining whether substantial evidence supports the Commissioner's decision, the court also must consider whether the ALJ analyzed all of the relevant evidence and whether the ALJ sufficiently explained his findings and his rationale in crediting evidence. *See Sterling Smokeless Coal Co. v. Akers*, 131 F.3d 438, 439-40 (4th Cir. 1997).

It is the ALJ's responsibility to weigh the evidence, including the medical evidence, in order to resolve any conflicts which might appear therein. *See Hays*, 907 F.2d at 1456; *Taylor v. Weinberger*, 528 F.2d 1153, 1156 (4th Cir. 1975). Furthermore, while an ALJ may not reject medical evidence for no reason or for the wrong reason, *see King v. Califano*, 615 F.2d 1018, 1020 (4th Cir. 1980), an ALJ may, under the regulations, assign no or little weight to a medical opinion, even one from a treating source, based on the factors set forth at 20 C.F.R. §416.927(c), if he sufficiently explains his rationale and if the record supports his findings.

Based on my review of the record, I agree that the ALJ's finding as to Gilley's residual functional capacity is not supported by substantial evidence. I also find that substantial evidence does not support the ALJ's finding that Gilley did not suffer from a severe impairment to her right knee. The ALJ found that Gilley suffered from the severe impairments of obesity, hypertension, degenerative joint disease, sprains and strains, hepatitis C, major depressive disorder, borderline

personality disorder, bipolar disorder and anxiety-related disorder. (R. at 24.) Despite Gilley's assertion that she was disabled, in part, due to right knee pain, the ALJ did not find that she suffered from a severe knee impairment. The uncontradicted medical evidence, however, shows that Gilley's problems with her right knee affected her work-related abilities.

The medical evidence contained in the record shows that Gilley sought medical treatment from Dr. Lawrence Wallace, M.D., a orthopedic physician, as early as 2004 for a more than 10-year history of right knee pain. (R. at 262-65.) Dr. Wallace's examination of Gilley's right knee revealed fairly benign findings with no evidence, at that time, of ligamentous instability. (R. at 262.) An MRI of Gilley's right knee performed on January 29, 2004, showed an old chondral injury along the medial femoral condyle with a punctate area of full-thickness cartilage loss and underlying subchondral edema and cyst formation. (R. at 259-60, 264.) Dr. Wallace recommended unspecified activity modification, weight reduction and prescribed anti-inflammatory and pain medication. (R. at 264.) Dr. Wallace later referred Gilley to pain management. (R. at 265.)

Dr. Kevin Blackwell, D.O., performed a consultative examination of Gilley at the state agency's request on November 20, 2010. (R. at 818-22.) Gilley told Dr. Blackwell that she had experienced problems with her right knee for more than 20 years. (R. at 818.) Gilley complained that her knee felt like it wanted to give out and would lock on occasion. (R. at 818.) Dr. Blackwell's examination revealed tenderness to the right knee with palpation with "Drawer's testing … somewhat lax." (R. at 820.) Drawer's testing is performed to test the integrity of the cruciate ligaments of the knee. *See* DORLAND'S ILLUSTRATED MEDICAL DICTIONARY,

("Dorland's"), 1673 (28th ed. 1994).  Dr. Blackwell diagnosed Gilley, in part, with right knee pain, probable internal derangement. (R. at 820.) As a result of his evaluation, Dr. Blackwell stated that Gilley was capable of standing for only two hours in an eight-hour workday, and he opined that she should never stoop, squat, crouch or crawl. (R. at 821.)  Also, the two state agency physicians who completed residual functional capacity assessments on Gilley, Dr. Bert Spetzler, M.D., and Dr. Gurcharan Singh, M.D., restricted Gilley to a limited range of light work, in part, due to right knee pain. (R. at 87-88, 823-29.)

The Social Security regulations define a "nonsevere" impairment as an impairment or combination of impairments that does not significantly limit a claimant's ability to do basic work activities. *See* 20 C.F.R. § 416.921(a) (2014). Basic work activities include walking, standing, sitting, lifting, pushing, pulling, reaching, carrying, handling, seeing, hearing, speaking, understanding, carrying out and remembering simple job instructions, use of judgment, responding appropriately to supervision, co-workers and usual work situations and dealing with changes in a routine work setting. *See* 20 C.F.R. § 416.921(b) (2014). The Fourth Circuit held in *Evans v. Heckler*, that "'[a]n impairment can be considered as 'not severe' only if it is a *slight abnormality* which has such a *minimal effect* on the individual that it would not be expected to interfere with the individual's ability to work, irrespective of age, education, or work experience.'" 734 F.2d 1012, 1014 (4th Cir. 1984) (quoting *Brady v. Heckler*, 724 F.2d 914, 920 (11th Cir. 1984)) (citations omitted). As stated above, each medical opinion rendered during the relevant period placed restrictions on Gilley's work-related abilities as a result, at least in part, of her right knee impairment. Thus, the ALJ's finding that her right knee impairment was not severe is not supported.

-7-

I also find that substantial evidence does not support the ALJ's decision as to Gilley's physical residual functional capacity. In particular, I find that substantial evidence does not support the ALJ's decision to give little weight to the opinion of Dr. Blackwell as to Gilley's physical residual functional capacity. The ALJ found that Gilley had the physical residual functional capacity to perform light work that did not require climbing ladders, ropes or scaffolds or concentrated exposure to hazards or more than occasional kneeling and crawling. (R. at 26-32.) In making this finding, the ALJ stated that he was giving "little weight" to the opinion of Dr. Blackwell regarding Gilley's residual functional capacity because it was "not supported by medical evidence of record or objective findings of his exam." (R. at 30.) This statement simply is not accurate based on the medical evidence listed above, including the drawer's test performed by Dr. Blackwell, which showed some laxity in Gilley's right knee ligaments.

Based on the above-stated reasons, I find that substantial evidence does not support the ALJ's decision denying benefits. I will deny both motions for summary judgment, vacate the decision denying benefits and remand Gilley's claim to the Commissioner for further development. An appropriate order and judgment will be entered.

DATED:     March 26, 2015.

/s/ *Pamela Meade Sargent*
UNITED STATES MAGISTRATE JUDGE

-8-